■ In the Matter of the Claim of HERMAN DAVIS, Respondent, v NEW YORK CITY BOARD OF EDUCATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 19, 1980, which held that claimant was eligible to apply for workers' compensation benefits pursuant to section 3 (subd 1, Group 20) of the Workers' Compensation Law. A shop teacher who had been employed by the City of New York for nine years, claimant was assaulted by a student on May 10, 1976. Claimant was hospitalized, subsequently suffered a severe case of angina, and never again returned to work. On January 17, 1977, claimant applied to the Teachers' Retirement System of the City of New York for accidental disability retirement benefits. This application, in addition to seven subsequent applications made over the next two years, was denied on the ground that the system's medical board refused to certify that claimant should be granted an accidental disability retirement. On January 10, 1979, claimant applied for workers' compensation benefits pursuant to section 3 (subd 1, Group 20) of the Workers' Compensation Law. The hearing officer determined that claimant was excluded from receiving compensation. The board reversed and restored the claim to the Trial Calendar. This appeal by the New York City Board of Education, a self-insured employer, ensued. The issue presented by this appeal is whether claimant was "eligible" for retirement under the teachers' retirement system since section 3 (subd 1, Group 20) of the Workers' Compensation Law permits only those New York City shop teachers who "are not eligible for retirement under the teachers' retirement system" to receive compensation benefits. When section 3 (subd 1, Group 20) was enacted in 1935 (L 1935, ch 327), all New York City school teachers were excluded from workers' compensation coverage and a teacher hurt on the job could only seek redress through his retirement system by way of an *ordinary* disability retirement if he had 10 or more years in service. Thus, the adoption of Group 20 allowed New York City shop teachers engaged in hazardous activities to seek workers' compensation when injured while performing their duties until such time as they could come within the provisions of their retirement plan. However, in 1970, New York City passed legislation which provided that teachers could be retired for *accidental* disabilities (Administrative Code of City of New York, § B20-42.1). Since there is no minimum service requirement needed to qualify for an accidental disability retirement in the teachers' retirement system after 1970, the protection afforded by the Legislature to New York City shop teachers by the passage of Group 20 became unnecessary at that time. Accordingly, we hold that claimant in the instant case was "eligible" for retirement benefits under the teachers' retirement system when

he was injured in 1976 and, by the provisions of section 3 (subd 1, Group 20) was excluded from obtaining benefits under the Workers' Compensation Law. Claimant, within the class of those eligible for retirement benefits, was found not to be qualified for an accidental disability retirement because of a failure in his medical proof. This fact does not mandate that he now be allowed to apply for workers' compensation and the board's decision to that effect must be reversed. Decision reversed, with costs to the self-insured employer against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Yesawich, Jr., and Weiss, JJ., concur.