■ In the Matter of the Claim of PETER GEORGOPOULOS, Respondent, v NEW YORK CITY BOARD OF EDUCATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeals from decisions of the Workers' Compensation Board, filed February 3, 1984 and June 7, 1984.

Claimant had been employed for over nine years as a teacher of aviation mechanics when, on September 4, 1980, he seriously injured the fingers of his left hand while cutting wood for classroom use. He returned to work as a teacher on October 6, 1980, having filed for workers' compensation benefits. Claimant was ultimately awarded benefits pursuant to Workers' Compensation Law § 3 (1) (Group 20). This appeal by the New York City Board of Education, a self-insured employer, ensued.

This appeal must be decided under constraint of *Matter of Davis v New York City Bd. of Educ.* (85 AD2d 815, *affd on opn below* 57 NY2d 988). There, this court construed the language of Workers' Compensation Law § 3 (1) (Group 20), which states that trade and manual arts teachers, *inter alia*, in New York City may be awarded compensation benefits "provided they are not eligible for retirement under the teachers' retirement system in said city". As noted in that opinion, the city passed legislation in 1970 which provided that teachers could be retired for accidental disabilities under the Teachers' Retirement System without having accrued 10 years of service as had been the previous requirement (Administrative Code of City of New York § B20-42.1). Thus the protection afforded by the passage of Group 20 became unnecessary (i.e., to tide over teachers injured in on-the-job accidents before they had acquired 10 years of service until they, through the passage of time, had met this precondition to eligibility for retirement benefits). The conclusion in the *Davis* case was that due to this legislation, the claimant was "eligible" for retirement benefits under the Teachers' Retirement System (although, through a failure of his medical proof, he did not receive them). Hence, by the provisions of Workers' Compensation Law § 3 (1) (Group 20), he was precluded from obtaining compensation benefits.

Claimant herein contends that he is entitled to benefits because he was not "eligible" to retire within the meaning of Workers' Compensation Law § 3 (1) (Group 20) in that he had chosen to return to work and, in any event, would undoubtedly not have met the medical prerequisites for retirement under the system. As construed in *Matter of Davis v New York City Bd. of Educ. (supra,* p 816), the term "eligible for retirement" means membership in the class of those *entitled to apply* for benefits; it does not mean those persons who actually qualify for benefits. As noted above, with the abolition of the requirement of 10 years in service as a precondition to applying for retirement under the system, claimant

herein was entitled to apply for retirement benefits and was thereby precluded from the receipt of compensation benefits by the terms of Workers' Compensation Law § 3 (1) (Group 20). This unfortunate deprivation of benefits for claimant, or others in similar circumstances, should be corrected by legislative action.

Decisions reversed, without costs, and claim dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.